# United States Court of Appeals for the Fifth Circuit

---

No. 24-50733
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 18, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Meghan Inyang,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CR-43-2

---

Before Wiener, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Pursuant to a conditional agreement, Defendant-Appellant Meghan Inyang pleaded guilty to one count of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349. In doing so, she reserved the right to appeal the district court's denial of her motion to suppress the evidence discovered on her cell phone and tablet, which were seized during the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

execution of a search warrant at her codefendant's residence. When considering the denial of the motion to suppress, we review the district court's "factual findings for clear error and the ultimate constitutionality of law enforcement action de novo." *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014).

First, Inyang contends that the agents exceeded the scope of the valid premises search warrant by seizing and searching her devices. Inyang's claims fail because the search warrant authorized agents to seize all electronics found in the residence during the search, and the application to the search warrant demonstrated that her devices were relevant to law enforcement's investigation of an elaborate tax fraud scheme involving multiple perpetrators that was committed through electronic means. *See United States v. Willey*, 57 F.3d 1374, 1390 (5th Cir. 1995). Additionally, as an overnight guest at the residence, agents would have perceived Inyang as more than a "casual visitor" at the time of the execution of the warrant. *United States v. Giwa*, 831 F.2d 538, 545 (5th Cir. 1987). Thus, her belongings fell within the scope of the valid premises search warrant. *See id.*

Next, Inyang argues that, to the extent that the warrant's scope included her electronic devices, it was unconstitutionally overbroad. *See, e.g.*, *United States v. Sanjar*, 876 F.3d 725, 735 (5th Cir. 2017). We do not reach this issue, however, because "[e]vidence should not be suppressed when law enforcement obtained it in good-faith reliance on a warrant." *United States v. Morton*, 46 F.4th 331, 335 (5th Cir. 2022) (en banc). Inyang's brief suggests the good faith exception did not apply because "no reasonable officer should have relied on the validity of the warrant" due to its overbreadth. *United States v. Allen*, 625 F.3d 830, 835 (5th Cir. 2010).

Here, the warrant was not clearly overbroad on its face. *See id.* at 836. It instead properly incorporated the warrant application, affidavit, and

attachments. The affidavit to the application described the investigation into the tax fraud scheme in detail, explaining the connections between the conspiracy and known and unknown participants, the apartment to be searched, and the use of electronic devices. A neutral magistrate judge also issued the warrant after reviewing the application, affidavit, and attachments. *See Allen*, 625 F.3d at 837. Altogether, the agents reasonably relied on the warrant, meaning that the district court did not err by applying the good faith exception to the exclusionary rule. *See id.* at 836–38.

Given the foregoing discussion, the judgment of the district court is AFFIRMED.